IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edith Thompson, | ) | C/A No.: **2:21-cv-1967-BHH** |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Provident Life and Accident Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Provident Life and Accident Insurance Company ("Provident"), by its counsel, pursuant to 28 U.S.C. § 1446, files this Notice of Removal and alleges:

1. Provident is the Defendant in an action entitled *Edith Thompson v. Provident Life and Accident Insurance Company*, Civil Action No. 2021-CP-10-02236, which is now pending in the Court of Common Pleas for Charleston County, State of South Carolina.

2. Provident was served with Plaintiff's Summons and Complaint on June 9, 2021.

3. At the time of the commencement of this action, Plaintiff was, and upon information and belief, still is a citizen of the State of South Carolina.

4. At the time of the commencement of this action, Defendant was a corporation organized and existing pursuant to the laws of a state other than the State of South Carolina, and had its principal place of business in a state other than the State of South Carolina.

5. This action is of a civil nature and involves the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001 *et seq*. Plaintiff's employer, Harris Teeter, established and/or maintained voluntary life insurance coverage with Provident for the benefit of Harris Teeter's employees as part of Harris Teeter's

1

integrated employee welfare benefit plan (the "Plan"). Plaintiff was a participant in the Plan. A true and Correct copy of Plaintiff's Provident employee voluntary life coverage is attached hereto as Exhibit "B". Harris Teeter established, maintained and endorsed the Provident coverage to its employees. Harris Teeter endorsed the Provident coverage to its employees by negotiating and approving plan terms (including final approval), working with the insurance broker to select the specific insurance carrier for voluntary life benefits, assisting employees with overdue premium payments, including working with Provident to allow employees in arrears to catch up on premium deductions, discussing employee absences and overdue premium payments with Provident, assisting with claims handling, selecting the effective policy date and coordinating the effective policy date to reconcile with the employee's application date, coordinating with the insurance broker to set up enrollment dates, times, and locations, providing pre-enrollment census information (Date of Birth, Date of Hire, Employment Status, etc.) to Provident, maintaining a list of covered employees and tracking employee eligibility status in payroll, approving eligibility and enrollment decisions and marketing the Provident voluntary life coverage in conjunction with other ERISA governed products and services.

  Because the Provident voluntary life coverage was part of an employee welfare benefit plan, Plaintiff was a participant in the Plan, and Plaintiff is seeking to recover benefits under the Plan, Plaintiff's state law causes of action are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  ERISA contains a specific preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..."29 U.S.C. § 1144(a); see *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The U.S. Supreme Court

has recognized that the force of ERISA's preemption is strong and its scope wide. *See E.G. FMC Corporation v. Holiday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407-08, 112 L.Ed.2d 356 (1990). "The phrase 'relates to' is given a broad common sense meaning '[a] law relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900, 77 L.Ed.2d 490 (1983). ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits ..." *Pilot Life v. Dedeaux*, 489 U.S. 41, 107 S.Ct. 1549, 95 L.Ed. 39 (1987), "[A]fter Pilot Life, any contention that the state law claims here are not preempted by ERISA would be frivolous ..." *Maker v. Health Care Corp. of Mid Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989). Because the Plan is an employee welfare benefit plan under ERISA, this action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. §1331.

6.      Alternatively, this action is of a civil nature and involves a controversy between citizens of different states.  The value of the matter in dispute exceeds the sum of $75,000.00, exclusive of interest and costs as appears from allegations in the Complaint. This action is for the recovery of life insurance benefits under a voluntary life insurance policy with Defendant. Plaintiff alleges state law causes of action for breach of contract against Defendant and bad faith failure to pay insurance benefits and for a declaratory judgment.  With respect to Plaintiff's breach of contract cause of action, while Plaintiff's complaint is silent as to the amount of benefits, as can be seen in the correspondence attached hereto as Exhibit C, there are $77,342.60 in life insurance benefits at issue. Plaintiff further alleges entitlement to the recovery of attorney's fees and punitive damages for bad faith. Although Defendant in no way concedes that it acted in bad faith, punitive damages may be available for a cause of action for bad faith failure to pay insurance benefits.  *See*

3

*Nichols v. State Farm Mutual Auto Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983*); see also, Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("[W]here both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount"); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513, 1520 (2003) ( upholding punitive damages up to four times actual damages and indicating that punitive damages up to nine times actual damages may be appropriate in certain circumstances); *Mattison v. Wal-mart Stores, Inc.*, C/A No. 6:10-cv-017939-JMC, 2011 U.S. Dist. LEXIS 11634, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (holding that even though Plaintiff's complaint does not specify the exact amount of damages that Plaintiff is claiming, Plaintiff's request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy makes it difficult for Plaintiff to prove she could not possibly recover the jurisdictional limit were Plaintiff to prevail at trial) (citing *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that Plaintiff's claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount). This action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. §1332.

7.  Defendant files herewith as Exhibit "A", copies of all process, pleadings, and Orders received by Defendant.

8.  Written notice of the filing of this Notice of Removal will be given to Plaintiff, and together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of Court for Charleston County, State of South Carolina.

                                            s/ Theodore D. Willard, Jr.
                                            Theodore D. Willard, Jr.
                                            Federal I.D. No.: 5136
                                            **MONTGOMERY WILLARD, LLC**
                                            1002 Calhoun Street
                                            Post Office Box 11886
                                            Harris Teeter, South Carolina 29211-1886
                                            Telephone: (803) 779-3500

                                            ATTORNEYS FOR DEFENDANT

July 1, 2021
Columbia, South Carolina